UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KEITH LAIL and SAMANTHA COOPER, | ) | Civil Action No.: 4:09-cv-2150-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| HAROLD STEVE HARTNESS; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs and Defendant are proceeding pro se. A status conference was held before the undersigned on May 24, 2012, during which Plaintiffs indicated their desire to proceed with a jury trial. Apparently, the parties have not engaged in meaningful discovery and have failed to file the required disclosures under Fed.R.Civ.P. 26(a)(3). **Thus, within fourteen (14) days of the date of this Order, the parties are directed to file with the court and serve on the opposing party the following disclosures regarding the evidence it may present at trial (other than solely for impeachment):**

(1) The name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises. For each witness listed, provide a brief summary of the expected testimony of that witness.

(2) The designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

(3) Produce a copy of each document, tangible thing or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

**Within fourteen (14) days thereafter, the parties shall file with the court and serve on**

**the opposing party any Fed.R.Civ.P. 26(a)(3) objections, any objections to use of a deposition designated by the opposing party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).**[1]

In the event any disclosure cannot be fully made after the exercise of reasonable diligence, the party shall furnish as complete a disclosure as possible and shall supplement as soon as is feasible. Responses to the above inquiries may be relied on and used in the same manner as discovery responses obtained under the Federal Rules of Civil Procedure. Any witnesses, depositions, or exhibits not properly disclosed may be excluded from use at trial.

**IT IS SO ORDERED**.

                                          s/Thomas E. Rogers, III
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

May 30, 2012
Florence, South Carolina

---

[1] Nothing in this Order shall be deemed to restrict a party from objecting to or otherwise challenging any other party's compliance with the Federal Rules of Civil Procedure, Local Civil Rules (D.S.C.), Federal Rules of Evidence, or prior Orders of this Court.