UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KEITH LAIL and SAMANTHA COOPER, | ) | Civil Action No.: 4:09-cv-2150-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| HAROLD STEVE HARTNESS and JOHN DOES; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is Defendant's Motion for Summary Judgment (Document # 114). Defendant argues that the claims raised by Plaintiffs are barred by the statute of limitations. Plaintiffs argue that the statute of limitations should be tolled. This case is before the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiffs filed this action on August 14, 2009. In their Complaint, Plaintiffs set forth factual allegations of events that occurred during 2000. However, because Plaintiffs were minors at that time, Plaintiffs allege that the statute of limitations was tolled until they reached the age of majority. Defendant argues, that even with the tolling of the statute, Plaintiffs' Complaint was still filed outside the limitations period.

South Carolina Code Ann. § 15-3-40 provides,

> If a person entitled to bring an action mentioned in Article 5 of this chapter or an action under Chapter 78 of this title, except for a penalty or forfeiture or against a sheriff or other officer for an escape, is at the time the cause of action accrued either:
>
> (1) within the age of eighteen years; or
>
> (2) insane;
>
> the time of the disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:

-2-

(a) more than five years by any such disability, except infancy; nor

(b) in any case longer than one year after the disability ceases.

Pursuant to this statute, the limitations period cannot be extended any longer than one year after the disability, here, infancy, ceases. Plaintiff Cooper turned eighteen in December of 2006[1], and, thus, the statute of limitations on her claims ran in December of 2007. Plaintiff Lail turned eighteen in August of 2007, and, thus, the statute of limitations on his claims ran in August of 2008.

Plaintiffs argue that Defendant's position ignores the language of the statute which states, "the time of the disability is not part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended: (a) more than five years by any such disability, except infancy." Plaintiffs cite to Doe v. Crooks, 364 S.C. 349, 353, 613 S.E.2d 536, 538 (2005), for their position that S.C. Code Ann. § 15-3-40 allows a plaintiff the full limitations period after turning eighteen to file a complaint. Not only is this interpretation contrary to the plain language of the statute, it was also unnecessary to the holding in Crooks.[2] Thus, the undersigned declines to apply the same interpretation here. Section 15-3-40 clearly limits the tolling to one year after infancy ceases.

Plaintiffs also argue that the limitations period continued to be tolled under S.C. Code Ann. § 15-3-30 because Defendant was out of the state for a period of one year or more. Section 15-3-30 provides,

If when a cause of action shall accrue against any person he shall be out of the State,

---

[1] Exact dates are not used for Plaintiffs' protection.

[2] The court held that the plaintiff's action was filed outside the statute of limitations applicable at the time the cause of action accrued and, thus, a subsequently enacted statute of limitations for sexual abuse cases could not revive plaintiff's action. Doe, 364 S.C. at 352-53, 613 S.E.2d at 538. The holding would have been the same whether the court determined the plaintiff had one year or six years after reaching the age of majority to file his claim.

such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

"The party claiming the statute of limitations should be tolled bears the burden the burden of establishing sufficient facts to justify its use." Hooper v. Ebenezer Sr. Services and Rehabilitation Center, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009). Plaintiff asserts that Defendant was living in North Carolina at least beginning in 2000, he was arrested on federal criminal charges in North Carolina on July 31, 2007, bail was initially denied and then granted in September of 2007 to be supervised by his wife, he was sentenced in February of 2008 and directed to report to federal prison in October of 2008. Therefore, Plaintiffs argue, Defendant was outside of South Carolina for a year or more beginning prior to one year after both of Plaintiffs' respective eighteenth birthdays, the time the statute of limitations expired, and, thus, the limitations period is tolled and the action was timely commenced.[3]

However, Plaintiffs misapply S.C. Code Ann. § 15-3-30. In Meyer v. Pashcal, 330 S.C. 175, 498 S.E.2d 635 (1998), the South Carolina Supreme Court noted that this statute was enacted in 1870, "during a period of history when the ability of obtain personal jurisdiction over an out-of-state defendant was severely limited by the due process clause." Meyer, 330 S.C. at 180, 498 S.E.2d at 637. The court further noted that, in 1966, South Carolina enacted its version of the long-arm statute, which has been interpreted to extend to the outer limits of the due process clause. Id. at 181, 498

---

[3] An action is commenced under South Carolina law "when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing." S.C.R.Civ.P. 3. Plaintiffs filed this action on August 14, 2009, and served it on December 7, 2009.

S.E.2d at 638.

Observing that when the purpose of a statute and its literal meaning conflict, the purpose of the statute must be given effect, the court held that "the language in the tolling statute referring to a defendant who is 'out of the State' describes a defendant who is beyond the personal jurisdiction and process of the court and not simply a defendant who is physically absent from the State." Id. at 182, 498 S.E.2d at 638-39.

Plaintiffs cite Harris v. Dunlap, 285 S.C. 226, 328 S.E.2d 908 (1985), to argue that "under the express language of the tolling statute . . . the tolling statute is not rendered inapplicable by virtue of the fact that the defendant is amenable to personal service under the long-arm statute." Response p. 5. However, the Meyer court expressly overruled Harris. Meyer, 330 S.C. at 180, 498 S.E.2d at 637.

Thus, Plaintiffs' argument that Defendant's mere absence[4] from the state for a period of one year tolls the statute of limitations is without merit and the present case was filed outside the statute of limitations. Therefore, summary judgment is appropriate. As such, Defendant's Motion for Summary Judgment (Document # 114) is **GRANTED** and this case is dismissed in its entirety.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 17, 2012
Florence, South Carolina

---

[4] For a plaintiff to be entitled to tolling, a defendant must reside outside of the state and his location must not be known or could not be reasonably discovered by the plaintiff. See Tiralango v. Balfry, 335 S.C. 359, 517 S.E.2d 430 (1999) (recognizing that Meyer requires an objective, reasonable diligence test); Blyth v. Marcus, 335 S.C. 363, 369 n.4 517 S.E.2d 433, 435 n.4 (1999) (noting that the tolling statute applies only when the plaintiff could not discover the whereabouts of the defendant). As stated above, it is Plaintiffs' burden to show tolling is appropriate. Plaintiffs do not address this issue in their Response and, based upon the record presented, clearly fail to show tolling would be appropriate under this test.